UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN W. BARTLEY, an individual; ELENA D. BARTLEY, an individual, <br><br>　　　　　　Plaintiffs, <br><br>　vs. <br><br>WELLS FARGO BANK, a foreign corporation; DOES I through XX, Inclusive; and, ROE CORPORATIONS I through XX, inclusive, <br><br>　　　　　　Defendants. | Case No.: 2:12-cv-02169-GMN-CWH <br><br>**ORDER** |

　　　　Pending before the Court is the Motion to Dismiss (ECF No. 8) filed by Defendant Wells Fargo Bank ("Defendant") on April 22, 2013.  Nearly two months later, on June 13, 2013, Plaintiffs John W. Bartley and Elena D. Bartley ("Plaintiffs") filed a Response. (ECF No. 9.)  Finally, on June 24, 2013, Defendant filed a Reply. (ECF No. 10.)

**I.　　BACKGROUND**

　　　　This case arises from the rejection of a short sale of Plaintiffs John and Elena Bartley ("Plaintiffs') by Defendant Wells Fargo ("Defendant").  In their Complaint, Plaintiffs allege that they first listed their property for short sale in January 2012, at a listing price of $184,900.00. (Compl. ¶ 8, ECF No. 1-1.)  Plaintiffs eventually lowered the list price to $164,000.00, which did produce a buyer in March 2012. (*Id.* ¶ 9.)  In response, Defendant counter offered for a selling price of $185,000.00, which the buyer accepted. (*Id.* ¶ 10.)  Defendant allegedly approved this short sale. (*Id.* ¶ 11.)  However, the Uniform Residential Appraisal Report appraised the property at only $163,000.00, resulting in the buyer revising her offer to match the appraisal. (*Id.* ¶¶ 12–13.)  Defendant declined the buyer's revised offer and the buyer withdrew the offer. (*Id.* ¶ 14.)

Subsequently, a different buyer placed an offer of $185,000.00 for the property. Defendant then counteroffered with a selling price of $200,000.00, which the buyer accepted. (*Id.* ¶¶ 16–17.) Thereafter, Defendant "sought an additional $20,000 to the already countered offer of $200,000 that was accepted from the buyer, and another $20,000.00 contribution from the seller as well." (*Id.* ¶ 19.) Ultimately, Defendant "declined the short sale and stated 'you may not be able to submit another offer for this property.'" (*Id.* ¶ 22.)

During the short sale process, Plaintiff also sought a deed in lieu of foreclosure before the end of 2012, to ensure that they would be able to take advantage of the "Debt Relief Forgives Act, [which was] set to expire on December 21, 2012." (*Id.* ¶¶ 18, 20.) However, Defendant declined to grant Plaintiff's request. (*Id.* ¶ 21.)

After these events, Plaintiff filed the instant action asserting six causes of action: (1) "Breach of Contract"; (2) "Waiver and Release"; (3) "Breach of the Covenant of Good Faith and Fair Dealing"; (4) "Continued Bad Faith"; (5) "Fraud / Misrepresentation"; and (6) "Tortious Interference Against [sic]." (*See id.* ¶¶ 27–60.) In response, Defendant filed the instant motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mot. to Dismiss, ECF No. 8.)

## II.  LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action

with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).  Finally, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," unless the complaint includes "material which is properly submitted as part of the complaint." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.     DISCUSSION

### A.     Breach of Contract

A claim for breach of contract must allege (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement").

Plaintiffs' Complaint fails to state a cause of action for breach of contract for several reasons.  First, Plaintiffs have not identified any specific contract that Defendant allegedly breached.  Rather, Plaintiffs state only "under the agreements between Plaintiffs and Defendant there is an express provision that Defendants will comply with all applicable laws governing notice." (Compl. ¶ 28.)  Plaintiffs' Complaint also lacks any factual allegations related to how

Defendant breached this contractual provision.[1]  Merely stating that the parties entered into agreements and that the Defendant breached a provision therein is insufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

Accordingly, the Court must dismiss Plaintiff's First Cause of Action for Breach of Contract.  However, because the Court cannot find that amendment of this claim would be futile, Plaintiffs are given leave to amend to cure the defects identified above.

### B.      Waiver and Release

Plaintiff provides no citation, and the Court has not found any legal authority for the proposition that Nevada recognizes "Waiver and Release" as a separate cause of action.   In fact, Rule 8(c) of the Federal Rules of Civil Procedure recognizes "release" and "waiver" as *affirmative defenses*. Fed. R. Civ. P. 8(c).

In their response, Plaintiffs argue that "this appears to be simply an issue of in artful [sic] pleading" and that "[t]he elements of waiver and release do sound in an action for declaratory relief." (Resp. 5:4–8, ECF No. 9.)  However, Plaintiffs cannot amend their claims through the motion to dismiss briefing.  Therefore, the Court must dismiss this cause of action. To the extent that Plaintiffs intended to assert an action for declaratory relief, the Court will grant leave to amend this cause of action.

### C.      Breach of the Covenant of Good Faith and Fair Dealing

To state a claim of breach of the covenant of good faith and fair dealing, Plaintiff must

---

[1] Instead, Plaintiffs proceed to discuss alleged forgery that took place on a "Notice of Default and Notice of Sale." (Compl. ¶¶ 30–33.)  Although forgery in connection with foreclosure documents would be serious, breach of contract is not the appropriate cause of action to properly remedy any harm that came therefrom. Furthermore, because the Court cannot look beyond the Complaint in analyzing Defendant's Motion to Dismiss, Plaintiffs cannot rely on their briefing in opposition to Defendant's motion to amend their inadequate Complaint. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003)

allege: (1) Plaintiff and Defendant were parties to an agreement; (2) Defendants owed a duty of good faith to the Plaintiff; (3) Defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) Plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).  In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol. Generator–Nevada v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant deliberately contravenes the intention and spirit of the agreement, *Morris v. Bank Am. Nev.*, 886 P.2d 454 (Nev. 1994).  The covenant of good faith and fair dealing "only applies after a binding contract is formed." *Crellin Techs., Inc. v. Equipmentlease Corp.*, 18 F.3d 1, 10 (1st Cir. 1994).

Plaintiffs' Complaint alleges only that "Defendant owed Plaintiffs a duty of good faith and fair dealing" and that it "was known by all parties that the property was worth substantially less than the loan amount and that Plaintiffs were exposed to a potential taxable event of $200,000.00 if the property was not resold by December 31, 2012." (Compl. ¶¶ 39–41.) Plaintiffs' Complaint further asserts that "Defendant has refused to resolve the issue with the Plaintiffs as reasonably requested." (Compl. ¶ 42.)

Similar to Plaintiffs' Breach of Contract claim, as discussed in Section III.A above, Plaintiffs have failed to identify on which specific agreement Defendants breached the covenant of good faith and fair dealing.  Furthermore, Plaintiffs have failed to plead facts from which the Court could infer that Defendant's alleged actions were unfaithful to the purpose of that contract.

To the extent that Plaintiffs' allege a tortious breach of the implied covenant of good faith and fair dealing, this claim still fails.  It is established that lenders owe no fiduciary obligations to borrowers absent exceptional circumstances. See Kwok v. CR Title Co., No.

2:09–cv–2298 (D. Nev. June 23, 2010).  Plaintiffs alleged neither exceptional circumstances nor a special relationship.

For these reasons, Plaintiffs' Third Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing must be dismissed.  However, the Court grants Plaintiffs leave to amend.

### D.     Fraud/Misrepresentation

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b).  A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*.

First, absent from Plaintiffs' Complaint is any explicit allegation that Defendant made any *false* representations.  However, even to the extent that Plaintiffs' Complaint alleges that Defendant made a false representation that Defendant "would accept reasonable market value offer of the property," (Compl. ¶ 51), Plaintiffs Complaint fails to allege that such representation was made with knowledge of its falsity or that the representation was made with intent to induce Plaintiffs' reliance.  Plaintiffs' conclusory statement that "Defendant acted willfully, maliciously, and with the intent to injure the Plaintiffs . . . ," is insufficient to satisfy the heightened pleading standard of Rule 9(b).

Accordingly, the Court must dismiss Plaintiffs' Fifth Cause of Action for Fraud/Misrepresentation. However, the Court will grant Plaintiffs' leave to amend.

### E. Continued Bad Faith & Tortious Interference

Plaintiffs' Response fails to address Defendant's Motion to Dismiss Plaintiff's Fourth Cause of Action for "Continued Bad Faith" and Defendant's Motion to Dismiss Plaintiff's Sixth Cause of Action for "Tortious Interference Against [sic]." Plaintiffs' failure to oppose this portion of Defendant's motion constitutes consent to the granting of Defendant's Motion. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."). For these reasons, the Court dismisses Plaintiffs' Fourth and Sixth Causes of Action with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 8) filed by Defendant Wells Fargo Bank is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file an amended complaint by March 5, 2014, in which Plaintiffs amend only their causes of action for Breach of Contract, "Waiver and Release," Breach of the Covenant of Good Faith and Fair Dealing, and Fraud/Misrepresentation. Failure to file an amended complaint by this date will result in dismissal of Plaintiffs' Complaint with prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Fourth Cause of Action for "Continued Bad Faith" and Plaintiff's Sixth Cause of Action for "Tortious Interference Against" are dismissed with prejudice.

**DATED** this 18th day of February, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge